Supreme Court, Chenango Special Term, March, 1905. Unreported.

In the Matter of the Application for an Order Directing the Resubmission to the electors of the Town of Afton, N. Y., of the Local Option Questions under the Liquor Tax Law.

*Mangan & Mangan,* for petitioners.

*Leland L. Boorn,* for respondents.

*Addison D. Merry,* for State Commissioner of Excise.

Lyon, J.: The Liquor Tax Law provides: "The town clerk shall also at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town, a notice of the fact that all of the local option questions provided for herein, will be voted on at such town meeting or general election; and the said notice shall also be published at least five days before the vote is to be taken, once in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town, if there be one."

The Liquor Tax Law also provides, "If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town, shall not have been properly submitted at such biennial town meeting, such proposition shall be submitted at such town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid, and an order of the Supreme or County Court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor."

It is conceded that the notice that the local option questions would be voted on at the town meeting held in February last was not published. Also that the notices posted were all posted within the limits of the village of Afton.

At the town meeting the majority of the votes cast were in the affirmative as to the third question submitted, and in the negative as to the first, second and fourth questions submitted, the majority on the fourth question being six votes.

A petition is now presented signed by 274 electors of the town, which is a majority of the electors voting at each of the last three town meetings, asking that a special town meeting be called at which such questions shall be submitted.

As to the posting of the notices. While it is claimed that the posting of the notices complied with the strict letter of the statute, it can hardly be claimed that it complied with the purpose of the statute. The intention of the Legislature in requiring a notice to be posted in four public places of the town, was to bring to the knowledge of the voters of the town, so far as possible, the fact that the local option questions were to be voted on at the town meeting. This would seem to require that the notice be posted in the various parts of the town. All the notices, however, were

posted within the limits of the village of Afton, while the affidavits show that the town of Afton is about nine miles in length north and south, and about twelve miles east and west. The vote to be taken was of the whole town, not simply of the village of Afton. Doubtless many of the inhabitants of the town received their mail and did their trading at other places than Afton, and doubtless were not frequently at Afton. Why all these notices were bunched in the village, and none sent out into the town, is not explained. The fact that no notice was posted outside the village of Afton, made it more important that the required notice of publication be given.

As to the publication of the notice. It is conceded, as above stated, that the notice of the fact that the local option questions would be voted on at the town meeting, was not published in a newspaper as required by the liquor tax law. It is contended by the petitioner chiefly interested, that the failure to publish the notice that the local option questions would be voted on, resulted in many persons who would have voted in the affirmative, not being notified that such questions would be submitted at the town meeting, and in many of the electors who would otherwise have voted in the affirmative in a number sufficient to have changed the result of the vote upon the fourth question, refusing or neglecting to vote at all, claiming that all votes upon the local option questions would be ineffective and illegal by reason of the failure to publish such notice, which failure the petitioner alleges was very generally known and discussed at the town meeting.

While the respondents claim that the electors of the town were fully advised of the fact through temperance meetings held in the town, by means of newspaper articles, and by general discussion, yet the petitioners have submitted affidavits of several of the electors of the town to the effect that they did not know that the local option questions were to be voted on at the town meeting, and that had they voted they would have voted in the affirmative. The petitioners claim that had such notice been published, the voters ignorant of the proposed submission who would have been apprised of the fact and would have voted "Yes," are known to have been sufficient to have changed the result from a negative to an affirmative majority.

The pivotal question of law involved is, whether the requirement of the statute " and the said notice shall also be published," is mandatory or merely directory.

Differences of opinion have existed at special term, upon this subject.

In the *Matter of Sullivan,* 34 Misc. 598, Justice Houghton says: " The failure to give notice of posting and publishing is not therefore a mere irregularity, but rendered the vote a nullity."

I think the question must be regarded as thus settled by the two Appellate Division decisions, *Matter of Eggleston,* 51 Appellate Division 38, and *Matter of O'Hara,* 63 Appellate Division, 512. In the latter case, notice was not given either by posting or publishing, and the court in referring to the Eggleston case said, " We determined in that case that the notice must be given as required by the Liquor Tax Law, in order to render the election valid, and we must adhere to that rule here."

The requirements of the statute as to posting and publishing the notice being mandatory and not simply directory, must be fully complied with in order to render the submission effective.

While it is to be regretted that the submission of the local option questions was not in all things as required by the statute. it is far better that a resubmission be had than that any safeguard relative to the elective system be thrown down.

A decision to the effect that the plain requirements of the statute as to giving notice of an election may be disregarded, which at present might directly affect only the town of Afton, would certainly prove a most dangerous precedent hereafter.

It is not for the court to approve or disapprove of the statute, but to follow it as it is.

An order must be granted directing the resubmission to the electors of the town of Afton of all the local option questions, at a special meeting to be called by the town clerk, within five days after the filing with him of the petition and order, such meeting to be held not less than twenty days nor more than thirty days after such filing.